UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KELLI GILES,                                )
                                            )
                          Plaintiff,        )
                                            )
                v.                          )        Case Number: 1:14-cv-00598
                                            )
ASSET ACCEPTANCE, LLC                       )
                                            )
                          Defendant.        )

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      Plaintiff brings this action against Defendant to enforce her rights under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").  The Plaintiff is a consumer and the Defendant is a debt collector.  While acting as a debt collector, Defendant attempted to collect a consumer debt from Plaintiff.  In so doing, Defendant violated the FDCPA by taking actions that cannot be legally taken in connection with the collection of a debt, see  15 U.S.C. § 1692e(5).  Plaintiff seeks actual, statutory, and punitive damages from Defendant, along with an appropriate award of costs, litigation expenses, and attorneys' fees.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper under 28 U.S.C. § 1391, as Defendant conducts business in this District and the conduct complained of occurred here.

## PARTIES

4.     Plaintiff, Kelli Giles ("Giles") is a citizen of the State of Indiana, who resides in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt by filing a time-barred proof of claim in her bankruptcy matter.

5.     Defendant Asset Acceptance, LLC (hereinafter referred to as "Asset") is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Asset operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Asset was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.     Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon via collection letters, telephone calls, credit reporting, lawsuits, and proofs of claims in bankruptcy matters.

7.     Asset is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached hereto as Exhibit "A".  In fact, Asset conducts business in Indiana.

## FACTUAL ALLEGATIONS

8.     During 2012, due to financial difficulties, Giles was forced to stop paying some of her unsecured debts, including one she allegedly owed to Asset.

9.     Due to other financial difficulties, on January 15, 2013, Giles filed a Chapter 13 bankruptcy petition in a matter styled In re: Giles, S.D. Ind. Bankruptcy No. 13-00320-JMC-13.

10.     Although the statute of limitations in the State of Indiana for collecting delinquent credit card debts, pursuant to Indiana Code § 34-11-2 is six (6) years from the date of last activity, on April 18, 2013, Asset, filed a proof of claim (Claim No. 12) in the amount of $656.69 against Giles in her bankruptcy.  The claim admitted that the last activity on the account occurred on January 21, 2007.  A copy of Asset's Proof of Claim is attached hereto as Exhibit "B".

11.     Accordingly, Giles' bankruptcy counsel was forced to object to the time-barred proof of claim via a written objection, which was filed on March 5, 2014.  A copy of Giles' Objection to Asset's Proof of Claim is attached hereto as Exhibit "C".

12.     On April 17, 2014, the Bankruptcy Court sustained the objection and disallowed Asset's time-barred proof of claim.  A copy of the Court's Order is attached hereto as Exhibit "D".

13.     All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

14.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### VIOLATION OF § 1692e(5) OF THE FDCPA – TAKING AN ACTION THAT COULD NOT BE LEGALLY TAKEN

15.     Section 1692e(5) of the FDCPA prohibits debt collectors from taking actions that cannot legally be taken in connection with the collection of a debt.  see 15 U.S.C. § 1692e(5).

16.     Attempts by debt collectors to collect time-barred debts have been widely held to violate § 1692e of the FDCPA.  See, McCollough v. Johnson, Rodenburge & Lauinger, LLC, 637 F.3d 939, 947-48 (9th Cir. 2011).  Herkert v. MRC Receivables Corp., 655 F. Supp 2d 870, 875-76 (N.D. Ill 2009); Ramirez v. Palisades Collection LLC, 2008 U.S. Dist. Lexis 48722, 15-

16 (N.D. Ill 2008); <u>Kimber v. Federal Financial Corporation</u>, 668 F. Supp. 1480, 1487 (M.D. Al. 1987).

17.     By filing a bankruptcy proof of claim for a debt that was clearly time-barred under Indiana Law, Defendant Asset took actions that it could not legally take and, thus, violated § 1692e(5) of the FDCPA.

18.     Defendant's violations of §1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

<b>PRAYER FOR RELIEF</b>

WHEREFORE, Plaintiff Kelli Giles respectfully requests that the Court find that the Defendant violated the FDCPA and enter judgment against Defendant Asset Acceptance, LLC for actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and all other just and proper relief

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn
Attorney for Plaintiff

<b>DEMAND FOR JURY TRIAL</b>

Plaintiffs respectfully requests trial by jury.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

4

Thomas G. Bradburn, #15377-49
Bradburn Law Firm
92 S. 9th St.
Noblesville, Indiana 46060
Telephone (317) 475-0826
Fax (317) 475-0825
Email: tbradburn@bradburnlaw.com